UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDREW BABINSKI                                    NO.: 3:20-cv-426-SDD-EWD

VERSUS

TODD QUEEN, ET AL.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12**

Kristin Sosnowsky, in her personal and official capacities, and Shannon Walsh, John Fletcher and Alan Sikes, in their personal capacities (collectively "Defendants"), are entitled dismissal of all claims in the Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 12(b)(1) and (6), with prejudice, at Plaintiff's cost, including reasonable attorney fees. Specifically, 1) the Eleventh Amendment of the U.S. Constitution grants sovereign immunity to state employees for acts within their official capacities; 2) Plaintiff failed to state a claim upon which relief can be granted against any of the Defendants in their personal capacities because all alleged acts were taken in the course and scope of the Defendants' public employment; 3) Plaintiff failed to state a claim upon which relief can be granted because course assignments are not protected speech;) 4) Plaintiff failed to state a claim upon which relief can be granted because students have no protected property interest in maintaining enrollment in a particular academic program; 4) Plaintiff is not a "class of one" entitled to equal protection; and 5) the conclusory allegation of conspiracy is not supported by facts sufficient to state a claim.

Alternatively, and only in the event this Honorable Court determines Plaintiff's claims are not barred by the Eleventh Amendment, and any claim has been stated upon which this Honorable Court can grant relief, Plaintiff's claims are barred by qualified immunity.

I.   **FACTUAL BACKGROUND**

At all times material to the allegations in the Complaint, the Defendants were employed by Louisiana State University Agricultural and Mechanical College ("LSU") as faculty members in the Department of Theatre ("Theatre Department").[1] Kristin Sosnowsky was also the Chair of the School of Theatre and the Executive Associate Dean of the College of Music and Dramatic Arts.[2] are faculty members in the Theatre Department.[3] Plaintiff was a Ph.D. student in the Theatre Department ("Theatre Ph.D. Program"),[4] a graduate assistant and a teaching assistant.[5] In the spring of 2019, Plaintiff was a student in THTR 7923, a required course in the Theatre Ph.D. Program, taught by Walsh.[6] As a result of the failing grade Plaintiff received on his final assignment in THTR 7923 and in THTR 7923, he was placed on academic probation and became ineligible to be a graduate assistant and a teaching assistant.[7]

Plaintiff describes his THTR 7923 paper as "performative writing" used to express feelings of discrimination and mistreatment and admits the paper included "strong language, expletives, and harsh criticisms of various faculty members and [his] peers."[8] Plaintiff alleges he requested Walsh to share the paper with Fletc7500her and Sikes.[9] Walsh forwarded the paper to her supervisor, Sosnowsky, who sent the paper to the LSU Police Department and the LSU Office of Student Advocacy and Accountability for review.[10]

---

[1] Todd Queen, former Dean of the College of Music and Dramatic Arts, was dismissed with prejudice (Doc. 14).
[2] Doc. 1, para. 3
[3] Doc. 1, paras. 4, 5 and 6
[4] Doc. 1, para. 1
[5] Doc. 1, para. 12
[6] Doc. 1, para. 16
[7] Doc. 1, para. 26
[8] Doc. 1, paras. 20 and 23
[9] Doc. 1, para. 23
[10] Doc. 1, para. 24

Plaintiff alleges as a result of the content of his THTR 7923 paper Walsh, Fletcher, and Sikes, who comprise three-fourths of the Theatre Ph.D. Program's faculty, refused to teach him and administer his general examinations.[11] Plaintiff alleges he was advised there was no way for him to continue in the Theatre Ph.D. Program;[12] however, Plaintiff admits he continued in the Theatre Ph.D. Program in the 2019 Fall Semester completing a course in the Theatre Ph.D. Program and three courses required for his minor concentration.[13]

On June 5, 2020, Plaintiff filed this suit pursuant to 42 U.S.C. §1983 alleging violations of rights protected by the First and Fourteenth Amendments to the United States Constitution [14] seeking monetary damages, a permanent injunction against Sosnowsky, in her official capacity, ordering his reinstatement to the Theatre Ph.D. Program[15] and a permanent injunction enjoining the Defendants from disseminating information related to his "performative paper" and from disparaging Plaintiff to others.[16]

## II.     LAW AND ARGUMENT

### A.     Federal Courts Lack Jurisdiction Over Claims Arising Out of Acts of Public University Professors within the Course and Scope of Employment.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by the Constitution and statute."[17] "A case is properly dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18] "When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other

---

[11] Doc. 1, para. 29
[12] Doc. 1, para. 30
[13] Doc. 1, para. 31
[14] Doc. 1, paras. 33-57
[15] Doc. 1, paras. 60, 61 and 64
[16] Doc. 1, para 61
[17] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377; 114 S.Ct. 1673; 128 L.Ed.2d 391 (1994) (internal citations omitted)
[18] *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F. 3d 1006, 1010 (5th Cir. 1998) (internal citations omitted)

Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'"[19] "The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department."[20] Suits against state employees in their official capacities are actually suits against the state and are therefore, barred by sovereign immunity granted by the Eleventh Amendment.[21]

State employees are not 'persons' subject to liability and cannot be sued under 42 U.S.C. §1983 for acts in their official capacities.[22] "Several federal courts have unwaveringly determined that Louisiana's public universities, including LSU, are to be treated as arms of the State of Louisiana."[23] In 2019, the Fifth Circuit Court of Appeals held, "[p]ublic university professors are public employees"[24] while acting in their official capacities and therefore, are not "persons" subject to liability under 42 U.S.C. §1983.

Although Plaintiff named the Defendants in their personal capacities, every allegation in the Complaint concerns actions taken in their official capacities. Plaintiff specifically alleges Sosnowsky was an LSU employee acting in that capacity at all times relevant to the allegations of the Complaint.[25] The Complaint does not include a single allegation regarding any Defendant resulting from an action taken in a personal capacity. Since all allegations against the Defendants relate to actions taken in the course and scope of their employment as a public university professors, the Defendants are not persons who can be liable pursuant to 42 U.S.C. §1983.[26]

---

[19] *Crenshaw-Logal v. City of Abilene, Tex.*, 436 Fed. Appx. 306, 308 (5th Cir. 2011), quoting *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001) and *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010)
[20] *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)
[21] *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143 (5th Cir. 2001)
[22] *Jarvis v. Louisiana State University Health Sciences Center*, CIV.A. 06-4384, 2007 Unpub. WL 2993862, at p.3 (E.D. La. Oct. 10, 2007); *Perez v. Region 20 Education. Service Center.,* 307 F.3d 318, 326 (5th Cir.2002)
[23] *Jarvis,* 2007 Unpub. WL 2993862, at p.3
[24] *Buchanan v. Alexander*, 919 F. 3d 847, 853 (5th Cir. 2019) *writ denied*, 140 S.Ct. 432; 205 L.Ed.2d 264 (2019)
[25] Doc. 1, para. 3
[26] Doc. 1, paras. 40, 54 and 57

Plaintiff's requested relief in the form of "economic damages, tuition and fees, loss of earning capacity, mental anguish and emotional damages, damage to reputation, attorney's fees and other measures and elements of damages that may be proven at trial"[27] and prayer for "judgment in his favor and against [Defendants]… in such amounts as are reasonable…"[28] arising out of actions taken by the Defendants in their official capacities are barred by sovereign immunity, requiring their dismissal with prejudice at Plaintiff's cost.

### B.  Plaintiff failed to State a Cause of Action for Which Relief Can be Granted.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints which fail to state a claim upon which relief can be granted. "Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'"[29] To survive a Rule 12(b)(6) motion to dismiss, a claim must include more than "labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."[30] Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[31] A claim must include more than conclusory statements or unsupported legal conclusions.[32] There must be sufficient factual information present that, when accepted as true, a plausible claim for relief is presented.[33]

### 1.  Course Assignments are not Speech Protected by the First Amendment.

While Plaintiff asserts his views expressed in class and in his performative paper constitute protected speech,[34] this assertion is not supported by jurisprudence. In *Bethel School Dist. No. 403*

---

[27] Doc. 1, para. 58
[28] Doc. 1, p. 19, prayer
[29] *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007)
[30] *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959; 167 L. Ed. 2d 929 (2007)
[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950; 173 L. Ed. 2d 868 (2009)
[32] *Id.*
[33] *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1959; 167 L. Ed. 2d 929 (2007)
[34] Doc. 1, paras. 34 and 35

*v. Fraser,* the U.S. Supreme Court upheld the suspension of a student based on the content of a speech delivered during a school assembly. The Supreme Court held the school was within its permissible authority in imposing sanctions in response to the student's speech" where the speech was within a school setting.[35] In *Hazelwood School Dist. v. Kuhlmeier,* students alleged their First Amendment rights were violated by the school's refusal to publish certain articles in a newspaper written and edited by students in a journalism class as a part of the school's curriculum.[36] The U.S. Supreme Court held the determination of whether a manner of speech in the classroom or in school assembly is inappropriate properly rests with the school board rather than with the federal courts.[37] Analyzing whether the students' course assignment was protected by the First Amendment, the Court held:

> [S]chools do not possess all of the attributes of streets, parks, and other traditional public forums that … have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. … If the facilities have … been reserved for other intended purposes, communicative or otherwise, then no public forum has been created, and <u>school officials may impose reasonable restrictions on the speech of students.</u>[38]
> (Emphasis added.)

The school's policies governing the newspaper reflected, "[s]chool sponsored publications are developed within the adopted curriculum and its educational implications in regular classroom activities."[39] Further, the journalism course was taught by a faculty member during regular class hours and students received grades and academic credit for their performance in the course.[40] Finally, the Supreme Court noted that the speech at issue was, "part of the educational curriculum

---

[35] *Bethel School Dist. No. 403 v. Fraser,* 478 U.S. 675, 685; 106 S.Ct. 3159, 3160; 92 L.Ed.2d 549 (1986)
[36] *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260; 108 S.Ct. 562, 564; 98 L.Ed.2d 592 (1988)
[37] *Id*. at 567 citing *Bethel School Dist. No. 403 v. Fraser,* 478 U.S. 675, 683; 106 S.Ct. 3159, 3160; 92 L.Ed.2d 549 (1986)
[38] *Hazelwood,* 108 S.Ct. at 568,484 U.S. at 267 (internal citations and quotations omitted)
[39] *Hazelwood,* 108 S.Ct. at 568, 484 U.S. at 268
[40] *Id.*

and a 'regular classroom activit[y].'"[41] The Court finding no clear intent to create a public forum held, educators are entitled to exercise great control over student expression tied to school curriculum to assure, in part, students learn whatever lessons the activity is designed to teach.[42] Further, a school may sanction speech that is ungrammatical, poorly written, inadequately researched, vulgar or profane.[43] The Supreme Court concluded:

> [E]ducators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns…This standard is consistent with our oft-expressed view that … education … is primarily the responsibility of … teachers … and not of federal judges.[44]

Consistent with its prior holding, in *Morse v. Frederick*, the U.S. Supreme Court, citing *Fraser,* stated:

> [T]he constitutional rights of students in public school are not automatically coextensive with the rights of adults in other settings. Had Fraser delivered the same speech <u>in a public forum outside the school context, he would have been protected. In school, however, his First Amendment rights were circumscribed in light of the special characteristics of the school environment.</u>[45] (Emphasis added.)

In *Collins v. Putt*, the district court's dismissal for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) was affirmed, in a college student's suit alleging a professor violated the First Amendment by removing a blog post he wrote for a class assignment. The Second Circuit Court of Appeals affirmed the dismissal.[46] Collins described his blog as "intentionally humorous, ironic and provocative" and as "a critique of the assignment and materials themselves."

---

[41] *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 268; 108 S.Ct. 562, 564; 98 L.Ed.2d 592 (1988)
[42] *Hazelwood,* 108 S.Ct. at 570, 484 U.S. at 271
[43] *Id.* (internal citations and quotations omitted)
[44] *Hazelwood,,* 108 S.Ct. at 571, 484 U.S. at 273
[45] *Morse v. Frederick*, 551 U.S. 393, 394–95; 127 S.Ct. 2618, 2620–21; 168 L.Ed.2d 290 (2007) (internal citations and quotations omitted)
[46] *Collins,* 979 F.3d at 131

Collins' professor notified him "that while she did not 'mind a bit of humor here and there, ranting about the classroom materials in a manner that some might find offensive will not be tolerated" and removed the blog post and all comments made to the post.[47]

The Second Circuit applying the *Hazelwood* standard held the speech made "specifically in response to a class assignment, under the supervision of a college faculty member" was not protected speech. The Court, which found the post critiquing the assignment and materials was not the assignment, stated:

> Unquestionably, whether a student's work is responsive to an assignment ... [is] part and parcel of a school's responsibility to ensure that participants learn whatever lessons the activity is designed to teach...<u>Collins's conclusory assertion that it was not off-topic for him to voice his own perceptions and viewpoints, cannot by itself state a plausible claim</u>…mere conclusory statements cannot plead plausible claim…[48] (Emphasis added.)

The Court noted that Collins, rather than responding to the assignment, "ranted about the inadequacy of the materials as a vehicle for teaching communications, thereby addressing a subject entirely outside the scope of the assignment and distracting from the lesson's pedagogical purpose."[49] Thus, "in [the] context of…completing course assignments, [the plaintiff] was not subjected to viewpoint discrimination when his post criticizing rather than performing the assignment was deleted."[50] The deletion of the blog resulted solely from the off topic subject matter.[51]

---

[47] *Collins v. Putt*, 979 F.3d 128, 131 (2d Cir.2020), *pet. for cert. docketed*, No. 20-920 (U.S. Jan 8, 2021) (internal citations and quotations omitted)
[48] *Collins,* 979 F.3d at 134
[49] *Collins*, 979 F.3d at 136
[50] *Id.* See also *Buchanan v. Alexander*, 919 F. 3d 847, 852 (5th Cir. 2019) *writ denied*, 140 S.Ct. 432; 205 L.Ed.2d 264 (2019) students, teachers, and professors are not permitted to say anything and everything simply because the words are uttered in the classroom context).
[51] *Id.*

Plaintiff's speech made specifically in response to a class assignment in THTR 7923 is not protected speech. Plaintiff's paper in which he concedes he submitted the paper "to reach Professor Walsh" by using "performative writing to express feelings of discrimination and mistreatment"[52] including "strong language, expletives, and harsh criticisms of various faculty members and peers"[53] failed to comply with the assignment. Plaintiff's paper, like Collins' blog, was not responsive to or in compliance with the assignment, but rather, a "rant." Plaintiff's conclusory assertion that his "expressed views… in his performative paper constitute protected speech" fail to state a claim for which relief can be granted.[54] Since Plaintiff's paper is not protected by the First Amendment, the Complaint fails to state a cause of action upon which relief may be granted.

### 2. Students Have No Protected Property Interest in a Particular Academic Program.

Plaintiff alleges "[t]he right to maintain enrollment and continue through an academic program toward graduation is a vested property right" which entitled him "to procedural due process prior to being deprived of life, liberty, or property in accordance with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[55] Plaintiff further asserts refusal to teach him or administer general exams amounts to a de facto expulsion, without sufficient notice or an opportunity to be heard.[56] Additionally, Plaintiff asserts "the right to maintain enrollment and continue through an academic program toward graduation is a substantive right for purposes of the Due Process Clause of the Fourteenth Amendment;"[57] however, Plaintiff's conclusory allegations are contrary to jurisprudence.

---

[52] Doc.1, para. 20
[53] Doc. 1, para. 23
[54] *Collins,* 979 F.3d at 134 (internal citations and quotations omitted)
[55] Doc. 1, paras. 42 and 43
[56] Doc. 1, paras. 29 and 44
[57] Doc. 1, para. 15

To establish "either a substantive or a procedural due process violation by claiming denial of a property right, [a plaintiff] must first establish a denial of a constitutionally protected property right."[58] "[P]roperty interests are created, and their dimensions defined 'by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits'"[59] A showing of a property right, "must be made by reference to state law."[60]

In *Smith v. Davis*, the Fifth Circuit Court of Appeals recognized, "[t]he [Supreme] Court has not held college academic decisions implicate property or liberty interests, entitling a student to constitutional due-process protections."[61] The Fifth Circuit has held a student who is not denied access to public education does not have a property or liberty interest implicated.[62] In *Nevares v. San Marcos Consolidated Independent School District,* the Fifth Circuit declared:

> We have previously held that <u>no protected property interest is implicated in a school's denial to offer a student a particular curriculum</u>…<u>We would not aid matters by relegating the dispute to federal litigation</u>. And because the United States Constitution has not been offended in the present dispute, we retire from it.[63] (Emphasis added.)

Similarly, in *Sonya D. Aryndar b/n/f Freya Arundar v. DeKalb County School District*,[64] a student denied enrollment in certain courses alleged a property right in continuing on to higher education in a highly technical field. The Fifth Circuit held, although state law could create a protected interest in a particular kind of education, absent such a basis in state law, <u>there was no cause of</u>

---

[58] *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 274 (5th Cir.2000).
[59] *Smith v. Davis,* 507 Fed.Appx. 359, 362, 2013 Unpub. WL 135552 at p. 3 (5th Cir.2013) (internal citations omitted)
[60] *Bryan,* 213 F.3d at 275
[61] *Smith,* 507 Fed. Appx. at 362, 2013 Unpub. WL 135552 at p. 3 (internal citations omitted)
[62] *Id.* citing *Nevares v. San Marcos Consol. Indep. Sch. Dist.,* 111 F.3d 25, 26 (5th Cir.1997). See also *Walsh v. Louisiana High School Athletic Ass'n*, 616 F.2d 152 (5th Cir.1980) (students do not have a protected interest in the separate components of the educational process, such as participation in interscholastic athletics)
[63] *Nevares,* 111 F.3d 25 (5th Cir.1997)
[64] 620 F.2d 493 (5th Cir.1980)

action.[65] The Fifth Circuit affirmed the trial court's "dismissal of the case because the Complaint so clearly fails to state a cause of action."[66] In *Barnes v. Symeonides*,[67] the Fifth Circuit again addressed a student's asserted right to continue his education and found, "no state-created right to graduate-level education."

Plaintiff has no protected property interest in maintaining enrollment and continuing in a particular academic program; therefore, the Complaint fails to state a cause of action for violation of procedural or substantive due process.

### 3. Plaintiff is not a "Class of One" entitled to Equal Protection.

Plaintiff alleges Defendants' actions "against [him] differ considerably from their treatment of other, similarly situated students without sufficient justification, making [him] a 'class of one' who has suffered discrimination."[68] "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."[69] A "class of one" equal protection claim requires intentional different treatment "from others similarly situated" without "a rational basis for the difference in treatment."[70] "[W]hether a litigant is similarly situated to others is case-specific" requiring consideration of "the full variety of factors that an objectively reasonable ... decision maker would have found relevant in making the challenged decision."[71]

---

[65] *Sonya D. Aryndar b/n/f Freya Arundar v. DeKalb County School District,* 620 F.2d 493, 495 (5th Cir.1980) (Emphasis added)
[66] *Id.*
[67] 44 F.3d 1005 (5th Cir.1995) (Emphasis added)
[68] Doc. 1, paras. 52 and 53
[69] *Village. of Willowbrook v. Olech,* 528 U.S. 562, 564; 120 S.Ct. 1073, 1075; 145 L.Ed.2d 1060 (2000)
[70] *Id. See* also *Lindquist v. City of Pasadena Texas,* 669 F.3d 225, 233 (5th Cir.2012)
[71] *Martinez v. New Deal Independent. School Dist.,* 802 Fed.Appx. 98, 100 (5th Cir.2020) (internal citations and quotations omitted)

In *Rountree v. Dyson,* the Fifth Circuit upheld dismissal where the Complaint did not sufficiently allege treated different from others similarly situated.[72] Specifically, the Court held:

> [The] complaint generally alleges that other similarly situated individuals were treated differently, but [the plaintiff] points to no specific person or persons and provides no specifics as to their violations. Though we take factual allegations as true at the Federal Rule of Civil Procedure 12(b)(6) stage, "<u>[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.</u>" <u>An allegation that others are treated differently, without more, is merely a legal conclusion that we are not required to credit. Rountree's equal protection claim fails</u>.[73] (Emphasis added.)

As in *Roundtree*, Plaintiff's allegation that Defendants' actions against him "differ considerably from their treatment of other, similarly situated students without sufficient justification…" is a mere legal conclusion which fails to state a cause of action under the Fourteenth Amendment. The Complaint's conclusory statements do not suffice to state a claim for which relief can be granted and therefore, should be dismissed with prejudice at Plaintiff's cost.

### 4. Plaintiff's Allegation of Conspiracy is Insufficient to State a Claim.

Finally, Plaintiff alleges Defendants, "in various combinations and through correspondence and other overt acts, conspired to violate [his] civil rights, including but not limited to those rights described above."[74] "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient."[75] Further, "defendants cannot be liable for a conspiracy that failed to violate the plaintiff's rights."[76]

---

[72] *Rountree v. Dyson,* 892 F.3d 681, 685 (5th Cir.2018) (internal citations omitted)
[73] *Id.* See also *Bryan v. City of Madison, Miss.,* 213 F.3d 267, 276 (5th Cir.2000) (complaint which failed to provide specifics or examples of alleged different treatment failed to state a claim)
[74] Doc. 1, para. 56
[75] *Lynch v. Cannatella,* 810 F.2d 1363, 1370 (5th Cir.1987). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868 (2009); and *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)
[76] *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 206 (5th Cir.2020)

As demonstrated by the foregoing arguments, the conclusory allegations of denial of Plaintiff's rights are not supported by jurisprudence. Plaintiff has failed to state a claim for denial of any constitutionally protected right. Further, Plaintiff's conclusion that Defendants conspired to violate his rights is not supported by sufficient factual allegations. For the reasons set forth hereinabove, the Complaint is insufficient to set for any claim for denial of any right protected the First or Fourteenth Amendment to the U.S. Constitution. Accordingly, the Complaint should be dismissed with prejudice at Plaintiff's cost.

### C. Alternatively, Plaintiff's Claims are Barred by Qualified Immunity.

Plaintiff's factual allegations consist solely of alleged actions of faculty members within the course and scope of their state employment. Alternatively and only in the event this Honorable Court determines Plaintiff's claims are not barred by the Eleventh Amendment and Plaintiff stated any claim for relief the Defendants are entitled to qualified immunity.

Qualified immunity protects public employees from individual capacity suits under 42 U.S.C. §1983 for performance of discretionary duties when their actions are reasonable.[77] Courts perform a two part inquiry to determine whether qualified immunity applies: (1) whether a constitutional right was violated, and (2) whether that right was clearly established at the time of the alleged violation.[78] Courts have discretion to skip the first inquiry and resolve a case solely on clearly established grounds.[79] Conduct violates a clearly established right, "when at the time of the challenged conduct, the contours of [the] right [are] sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right."[80] A plaintiff, "must be able to

---

[77] *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010)
[78] *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018), citing *Pearson v. Callahan*, 555 U.S. 223, 240 (2009). See also *Buchanan v. Alexander*, 919 F. 3d 847 (5th Cir. 2019) *writ denied*, 140 S.Ct. 432; 205 L.Ed.2d 264 (2019)
[79] *Sims,* 894 F.3d at 638 (internal quotations omitted)
[80] *Ashcroft v. Al-Kidd,* 563 U.S. 731, 741; 131 S.Ct. 2074, 2083; 179 L.Ed.2d 1149 (2011)

point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."[81] "Where no controlling authority specifically prohibits a defendant's conduct ... the law cannot be said to be clearly established. ... generalizations and abstract propositions are not capable of clearly establishing the law…'existing precedent must have placed the statutory or constitutional question *beyond debate*.'"[82] Further, mistakes in judgment, whether the mistake is one of fact, law, or based on mixed questions of fact and law, are protected by qualified immunity.[83]

Actions arising out of discretionary acts of the Defendants within the scope of their public employment are barred by qualified immunity. Accordingly, the Complaint should be dismissed with prejudice at Plaintiff's cost.

## III.  CONCLUSION

Plaintiff's claims against Sosnowsky, in her official capacities as the Chair of the LSU School of Theatre, and the Executive Associate Dean of the College of Music and Dramatic Arts, are barred by Eleventh Amendment sovereign immunity and should be dismissed, with prejudice, at Plaintiff's cost. Plaintiff failed to plead operative facts sufficient to state a claim for which relief can be granted against Defendants in their individual capacities because: a) course assignments are not protected speech; b) students have no property interest in maintaining enrollment in a particular academic program; c) Plaintiff is not a "class of one"; and d) the alleged conspiracy is not supported by facts.

---

[81] *Smith v. Davis,* 507 Fed.Appx. 359, 362, 2013 Unpub. WL 135552 at p. 3 (5th Cir.2013)
[82] *Smith,* 507 Fed.Appx. at 361, 2013 Unpub. WL 135552 at p. 3
[83] *Butz v. Economou,* 438 U.S. 478, 507; 98 S.Ct. 2894, 2911; 57 L.Ed.2d 895 (1978).  See also *Pearson v. Callahan,* 555 U.S. 223, 231; 129 S.Ct. 808, 815; 172 L.Ed.2d 565 (2009) (internal citations omitted)

Alternatively, and only in the event this Honorable Court determines Plaintiff's claims are not barred by the Eleventh Amendment, and a claim for relief has been plead against the Defendants, Plaintiff's claims against each Defendant are barred by qualified immunity.

By Attorneys:

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2021, a copy of the forgoing Memorandum in Support of Motion to Dismiss Complaint Pursuant to Rule 12 was filed electronically with the Clerk of Court using the CM/ECF system.

All counsel will be served through the CM/ECF system. There are no non-CM/ECF participants.

/s/ Sheri M. Morris
Sheri M. Morris

/s/ Sheri M. Morris
Sheri M. Morris, LA Bar No. 20937
Christina B. Peck, LA Bar No. 14302
Katelin Varnado, LA Bar No. 35498
Special Assistants Attorney General
DAIGLE, FISSE & KESSENICH, PLC
8480 Bluebonnet Blvd., Suite F
Baton Rouge, LA 70810
Phone: (225) 421-1800   Fax: (225) 421-1792
Email: SMorris@DaigleFisse.com
CPeck@DaigleFisse.com
KVarnado@DaigleFisse.com