UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANDREW BABINSKI                                              CIVIL ACTION

VERSUS

                                                                                                                                      NO. 20-426-SDD-EWD

TODD QUEEN, ET AL.

## RULING AND ORDER

Before the Court is the Motion to Compel Initial Disclosures and Responses to Written Discovery ("Motion"),[1] filed by Plaintiff Andrew Babinski. The Motion seeks an order compelling Defendants Kristin Sosnowsky, Shannon Walsh, John Fletcher, and Alan Sikes to produce their initial disclosures and to respond to Plaintiff's discovery requests, which were propounded on September 14, 2022.[2] Plaintiff contends that the parties engaged in a Fed. R. Civ. P. 37 discovery conference, but Defendants object to engaging in discovery because the case is administratively closed and stayed while Defendants' appeal is pending before the U.S. Court of Appeals for the Fifth Circuit.[3] Because on its face the Motion lacks good cause for the relief sought, further briefing is not necessary[4] and the Motion will be denied without prejudice to re-urging a Motion that addresses the deficiencies explained below.

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense[5] and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

---

[1] R. Doc. 67.
[2] R. Doc. 67-1, pp. 1-3, and *see* discovery requests at R. Doc. 67-2.
[3] R. Doc. 67-1, p. 3 and *see* R. Docs. 60-62 (Ruling granting in part and denying in part Defendants' Motion to Dismiss and Notice of Appeal) and R. Docs. 65-66 (the parties' Joint Motion to Stay the case pending appeal and the Order granting the stay).
[4] Defendants have not yet filed opposition memoranda. The Motion was filed on March 28, 2023, such that any opposition memoranda would be due April 18, 2023. Local Civil Rule 7(f).
[5] *Crosby v. Louisiana Health Service and Indem. Co.,* 647 F.3d 258, 262 (5th Cir. 2011) ("Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'"), citing Fed. R. Civ. P. 26(b)(1) and *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982).

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[6] A court must additionally limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[7] Furthermore, "[i]t is well settled law that magistrate judges are afforded broad discretion in ruling on discovery matters."[8]

There are three issues of concern regarding the relief sought in the Motion. First, and as Plaintiff notes, this case is currently administratively closed and stayed during the pendency of Defendants' appeal to the Fifth Circuit.[9] Defendants' appeal challenges this Court's partial denial of Defendants' Motion to Dismiss, which held that Defendants are not entitled to qualified immunity from Plaintiff's claims against them in their individual capacities.[10] Significantly, the stay was entered on the Joint Motion of the parties, who represented as follows:

> The parties have begun discovery in this case but cannot reasonably complete it by the current discovery deadline. Moreover, the Fifth Circuit's decision may make certain discovery irrelevant or change the scope of discovery. As a result, it is not feasible to conclude discovery while Defendants' appeal is pending.[11]

---

[6] Fed. R. Civ. P. 26(b)(1).
[7] Fed. R. Civ. P. 26(b)(2)(C).
[8] *Albemarle Corp. v. Chemtura Corp.,* No. 05-1239, 2008 WL 11351528, at *1 (M.D. La. Apr. 22, 2008), citing *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981).
[9] R. Docs. 61, 66.
[10] *See* the Ruling at R. Doc. 60, p. 27 which granted the Motion to Dismiss in part, dismissing some of Plaintiff's claims outright, denying the Motion to Dismiss as to some of Plaintiff's official capacity claims, and denying the Motion to Dismiss as to some of Plaintiff's individual capacity claims, including a finding that Plaintiff adequately pleaded a "property interest theory procedural due process claim" against all Defendants in their individual capacities, as well as a finding that Plaintiff adequately pleaded a "liberty interest theory procedural due process claim" against Sosnowsky in her individual capacity, such that Defendants were not entitled to qualified immunity on the surviving individual capacity claims.
[11] R. Doc. 65, p. 2. The Motion attaches an email exchange between counsel before the filing of the Joint Motion to Stay, in which Plaintiff asserts the position he is now asserting that discovery should proceed notwithstanding appeal, and defense counsel suggests that discovery should wait until after a ruling on the appeal. The language in the Joint Motion regarding discovery suggests that the latter view prevailed. R. Docs. 67-3 and 67-4.

However, Plaintiff now contends that:

> There is no reason to delay discovery in this case when an ancillary issue is on appeal. While the Fifth Circuit is considering whether or not the Defendants are entitled to qualified immunity, this decision has no bearing on the Defendants' liability for Mr. Babinski's underlying claims. Even if the Defendants get everything they want from the Fifth Circuit, this case will still move on. For this reason, it is not appropriate to stay discovery pending the Fifth Circuit's decision on qualified immunity.[12]

The Motion does not even acknowledge the language regarding discovery in the Joint Motion to Stay, much less explain why Plaintiff appears to have changed his position. If not express, the Joint Motion to Stay at least implied that discovery would be held in abeyance pending resolution of Defendants' appeal so that the scope of discovery would be better defined.[13]

Relatedly, as to Plaintiff's request for an order compelling Defendants to serve Fed. R. Civ. P. 26 initial disclosures,[14] it is unclear why Plaintiff did not seek this relief prior to the entry of the stay on October 24, 2022. Plaintiff had ample time to move to compel production of Defendants' initial disclosures prior to the stay of discovery, and Plaintiff has not offered any explanation for failure to do so in a timelier manner, nor as to why production of initial disclosures should be compelled now, while the case is stayed and administratively closed.[15]

---

[12] R. Doc. 67-1, p. 1 and *see* p. 4.

[13] According to the Motion, the discovery Plaintiff seeks to compel was propounded on September 14, 2022, with responses due October 14, 2022. The case was not stayed until October 24, 2022, yet Plaintiff did not seek to ensure responses were obtained before the stay, nor adequately express the intention to pursue responses notwithstanding the stay (and the language in the Joint Motion implying discovery would be in abeyance).

[14] Several scheduling conferences were reset to permit responsive pleadings, in light of a show cause hearing, and due to pending dispositive motions and a settlement conference. R. Docs. 10, 12, 17, 19, 34. After the parties failed to contact chambers to select a new settlement conference date as ordered, the Scheduling Order was entered. R. Docs. 41, 42, 44.

[15] Although Plaintiff seems to take the position that the Court is somehow responsible for the fact initial disclosures were not exchanged because the Scheduling Order does not provide a deadline for exchange, that Scheduling Order was entered on February 24, 2022. This case was not stayed until October 24, 2022 on joint motion of the parties. Plaintiff had months before the stay to request correction of the Scheduling Order, if warranted, or to request that the Court compel initial disclosures. Plaintiff did neither until now. It bears noting that, even based on the Motion for Entry of Scheduling Order, filed by Plaintiff, the initial disclosures would have been required "[i]n accordance with FRCP 26 **or** 21 days after disposition of any motions filed in response to Plaintiff's Complaint." R. Doc. 42 (emphasis supplied). The Ruling on Defendants' Motion to Dismiss was issued on August 17, 2022 (R. Doc. 60) and the Notice of Appeal was filed not long after on September 16, 2022. R. Doc. 61.

Third, and most importantly, Plaintiff does not address the Fifth Circuit's recent precedent that severely limits discovery that can be undertaken by the parties pending determination of the qualified immunity defense.[16] While Plaintiff argues: "there is no reason why discovery cannot begin while qualified immunity is being litigated in the Fifth Circuit," *Carswell* ruled out discovery on other claims before adjudication of qualified immunity because the defendants[17] asserting qualified immunity are to be free from the burden of discovery, including participation in discovery directed to claims or defendants that do not implicate qualified immunity, such as Plaintiff's official capacity claims.[18] *Carswell* further implies that discovery pending appeal of a district court's denial of a motion to dismiss based on qualified immunity is impermissible:

> [W]here the pleadings are sufficient to overcome QI, the district court must deny the motion to dismiss without the benefit of pre-dismissal discovery. In the latter scenario, however, our precedent gives the defendant-official at least two choices after his motion to dismiss is denied. First, the defendant can immediately appeal the district court's denial under the collateral order doctrine. Or second – à la *Lion Boulos* and its progeny – the defendant can move the district court for discovery limited to the factual disputes relevant to whether QI applies, then reassert QI in a summary judgment motion. Why does the defendant alone enjoy this choice? Because only the defendant-official enjoys qualified immunity from suit.[19]

Therefore, under *Carswell*, discovery in this case appears foreclosed until the resolution of the issue of qualified immunity, which is on appeal.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Initial Disclosures and Responses to Written Discovery ("Motion"),[20] filed by Plaintiff Andrew Babinski, is **DENIED WITHOUT**

---

[16] *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), *petition for cert. filed*, Apr. 3, 2023.
[17] *Carswell,* 54 F.4th at 313.
[18] *See, e.g., Carswell,* 54 F.4th at 313 ("Carswell responds that '*Monell* discovery presents no undue burden to the Individual Defendants because they would be required to participate as witnesses in discovery even if they had not been named as defendants.' We disagree for three reasons….").
[19] *Carswell*, 54 F.4th at 312 (citations omitted).
[20] R. Doc. 67.

**PREJUDICE** to re-urging a motion to compel that addresses the deficiencies raised in this Order, if feasible.

Signed in Baton Rouge, Louisiana, on April 5, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**