UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDREW BABINSKI                                    CIVIL ACTION

VERSUS

TODD QUEEN, ET AL.                                 NO. 20-426-SDD-EWD

**ORDER**

Before the Court is the Motion to Compel ("Motion"),[1] filed by Andrew Babinski ("Plaintiff") on the last day of the fact discovery period.[2] The Motion seeks an order compelling Kristin Sosnowsky, Shannon Walsh, John Fletcher, and Alan Sikes (together "Defendants") to appear for a second round of depositions to answer questions regarding a meeting that took place on August 16, 2019, at which Defendants and General Counsel for Louisiana State University were present. Plaintiff contends defense counsel objected to and/or instructed Defendants not to answer questions regarding the August 16, 2019 meeting during the first round of depositions on the grounds that the information sought was protected from disclosure by the attorney-client privilege.[3] Defendants oppose the Motion.[4] Plaintiff filed a reply memorandum,[5] to which Defendants were permitted to file a sur-reply because, in the reply, Plaintiff newly sought to compel non-party, Tracy Blanchard, to appear for a second deposition for the same reasons.[6]

A party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be

---

[1] R. Doc. 108.

[2] R. Doc. 105.

[3] R. Doc. 108-1, pp. 2-3.

[4] R. Doc. 115.

[5] R. Doc. 118.

[6] R. Doc. 121.

confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice."[7] "Under both Louisiana law and federal common law, which are materially similar, the attorney-client privilege protects confidential communications between the client or a representative of the client and the client's lawyer or a representative of the lawyer...."[8] The burden of establishing that communications are subject to the attorney-client privilege lies with the party asserting the privilege.[9] "Determining the applicability of the privilege is a 'highly fact-specific' inquiry, and the party asserting the privilege bears the burden of proof."[10] "A general allegations of privilege is insufficient to meet this burden."[11]

Here, Defendants have not adequately established that the entirety of the August 16, 2019 meeting should be protected from disclosure based on attorney-client privilege, notwithstanding the crime-fraud exception and/or waiver arguments by Plaintiff. In *Hamdan*, the defendants sought to suppress information obtained by the government from the Chief Financial Officer of Brothers Food Mart, David Terrebonne ("Terrebonne"), on the basis of attorney-client and work product privileges. Terrebonne was interviewed by government agents and attorneys while Brother's Food

---

[7] *Swoboda v. Manders*, No. 14-19, 2016 WL 2930962, at * 4 (M.D. La. May 19, 2016), citing *Bross v. Chevron USA, Inc.*, No. 06-1523, 2009 WL 854446, at *3 (W.D. La. March 25, 2009) (citing *U.S. v. Construction Products Research, Inc.*, 73 F.3d 464, 473-74 (2d Cir. 1996)). In diversity actions such as this one, this court applies the state law of attorney client privilege. Fed. R. Evid. 501. Nonetheless, "federal common law and Louisiana statutory law are materially similar concerning the attorney-client privilege." *Akins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2013 WL 796095, at *11 (E.D. La. March 4, 2013); *see also Soriano v. Treasure Chest Casino, Inc.*, No. 95-3945, 1996 WL 736962, at *2 (E.D. La. Dec. 23, 1996) (federal "common law and Louisiana statutory law are materially similar in this case in regards to attorney-client privilege").

[8] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at * 5 (E.D. La. March 16, 2016), citing La. Code. Evid. art. 506(B).

[9] *Hodges, Grant & Kaufman v. U.S.,* 768 F.2d 719, 721 (5th Cir. 1985).

[10] *Equal Emp. Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017), quoting *Stoffels v. SBC Commc'ns, Inc.,* 263 F.R.D. 406, 411 (W.D. Tex. 2009).

[11] *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004), citing *Nutmeg Insur. Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D. La. 1988); *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D.N.Y. 1996).

Mart's outside counsel was present. The *Hamdan* court rejected a finding of attorney-client privilege, noting that, "Defendants' bare allegations, asserted over all of the communications made during the meeting in question, are insufficient to meet their burden of proving the communications are protected by the attorney-client privilege. Defendants fail to provide any information, through detailed affidavits or other evidence, regarding the meeting, including when it occurred or what was discussed and by whom."[12] The *Hamdan* court goes on to note that "[t]he Fifth Circuit has held that the mere presence of an attorney is not sufficient to insulate a meeting from discovery, as '[t]he privilege protects only those communications made for the purpose of obtaining legal advice.'"[13]

Like *Hamdan*, here, Defendants have not provided any information outside of counsel's general statements in the deposition objection[14] or in the briefs regarding the Motion to Compel[15] to establish what the purpose of the August 16, 2019 meeting was, who called the meeting, or what the role of LSU's counsel was at the meeting. There are certainly no "detailed affidavits or other evidence" to meet Defendants' burden. However, the majority approach applied to deficient privilege logs will also be applied to Defendants' deficient assertion of privilege over the August 16, 2019 meeting.[16] Defendants will be given until December 8, 2025 to supplement with

---

[12] *Hamdan*, 2021 WL 1931626, at *4.

[13] *Hamdan*, 2021 WL 1931626, at *5, citing *Rush v. Columbus Mun. Sch. Dist.*, 234 F.3d 706 (5th Cir. 2000).

[14] R. Doc. 108-2, p. 7.

[15] *See, e.g.*, R. Doc. 115, p. 9 ("Here, as in *Upjohn*, the attorney-client privilege protected the discussions at the Meeting between LSU's employees and LSU's In-House Counsel regarding resolution of any potential legal issues arising out of Plaintiff's action.")

[16] "[T]he majority approach by courts, when confronted by a privilege log that is technically deficient and that does not appear to have been prepared in bad faith, is to allow the party who submitted the log a short opportunity to amend the log prior to imposing the drastic remedy of waiver." *Cashman Equipment Corp. v. Rozel Operating Co.*, No. 08-363, 2009 WL 2487984, at * 2 (M.D. La. Aug. 11, 2009) (collecting cases). Where, as here, it is undisputed that counsel was present for the meeting, it is possible that attorney-client privilege can be established with more information, making the drastic remedy of waiver on the basis of deficiency inappropriate at this time.

additional information to support that the communications made during the August 16, 2019 meeting are attorney-client privileged. Further leave of court is not necessary.

Accordingly,

**IT IS ORDERED** that by no later than **December 8, 2025**, Defendants Kristin Sosnowsky, Shannon Walsh, John Fletcher, and Alan Sikes shall provide any additional information in support of their claim that the communications made during the August 16, 2019 meeting are protected by attorney-client privilege. If any response from Plaintiff is required, it will be ordered by the Court.

Signed in Baton Rouge, Louisiana, on December 1, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**